*471
 
 FOLEY, J.
 

 This is an action for termination of parental rights presently awaiting trial in the Child Protection Session of the Superior Court for Juvenile Matters in Middletown. The petitioner has filed motions for the disclosure of psychiatric and psychological records and another motion for the disclosure of drug and alcohol treatment records. The matter was scheduled for hearing on November 8, 1996. Counsel for the petitioner and counsel for the respondent each made arguments in favor of their respective opposing positions. Neither presented evidence in support of their position.
 

 The law regarding the disclosure of psychiatric records is governed by state law. The law regarding the disclosure of drug and alcohol treatment records is governed by federal law. Each will be addressed separately.
 

 General Statutes § 52-146f (5) provides in pertinent part that “[communications or [psychiatric and psychological] records may be disclosed in a civil proceeding in which the patient introduces his mental condition as an element of his claim or defense . . . and the court or judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between the patient and the psychiatrist be protected.” The Appellate Court in
 
 In re Romance M.,
 
 30 Conn. App. 839, 852, 622 A.2d 1047 (1993), stated: “We conclude that when the mental health of a parent in a termination of parental rights case is an issue, as it is in this case, the best interest of the child requires that the privilege between psychiatrist and patient give way once is it shown to the trier of
 
 *472
 
 fact that the ‘communications and records’ are relevant to the issues in the case.”
 
 [1]
 

 The Alcohol and Drug Abuse Amendments of 1983, 42 U.S.C. § 290dd-2 (1996) et seq., governs the confidentiality of patients’ drug and alcohol treatment records. The conditions under which those records may be disclosed are set forth in 42 C.F.R. § 2.1 et seq. (1996) (federal regulations).
 
 [2]
 

 Under the federal regulations, a court may order disclosure of confidential communications made by a patient in a federally funded drug treatment program only if one of the exceptions set forth under 42 C.F.R. § 2.63 (1996) applies. “(1) The disclosure is necessary to protect against an existing threat to life or of serious bodily injury,
 
 including circumstances which constitute suspected child abuse and neglect
 
 and verbal threats to third parties; (2) The disclosure is necessary in connection with investigation or prosecution of an extremely serious crime, such as one which directly threatens loss of life or serious bodily injury, including homicide, rape, kidnapping, armed robbery, assault with a deadly weapon,
 
 or child abuse and neglect; or
 
 (3) The disclosure is in connection with litigation or an administrative proceeding in which the patient offers testimony or other evidence pertaining to the content of the confidential communications. ’’ (Emphasis added.) 42 C.F.R. § 2.63 (1996).
 

 The court concludes that the federal regulations show a strong tendency in favor of disclosure in cases of
 
 *473
 
 abuse and neglect. It is not sufficient, however, to find that one of the exceptions applies. Section 2.64 [d] of 42 C.F.R. mandates a determination that “good cause” exists, requiring a finding that: “(1) Other ways of obtaining the information are not available or would not be effective; and (2) The public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services.”
 

 As indicated previously, no testimony was offered by the petitioner in support of the motions for disclosure. There is no indication that there has been a waiver of the respondent’s privilege or that any releases have been signed in favor of the petitioner. It is quite possible that the information sought has been or could be obtained through other sources such as the psychological evaluation, the social study or other documents available to the petitioner. It is often quite true that the information sought is merely cumulative of other available information. It may be that the respondent’s mental status is not in issue or that alcohol or drugs have not been an issue. Even if counsel for the petitioner had made representations with respect to those necessary findings, “[i]t is well settled that representations of counsel are not, legally speaking, ‘evidence.’ ”
 
 Cologne
 
 v.
 
 Westfarms Associates,
 
 197 Conn. 141, 154, 496 A.2d 476 (1985).
 

 In the present case, the court concludes that the petitioner has failed to introduce evidence that (1) addresses the mental health of the respondent as an issue regarding the motion for disclosure of psychiatric and psychological records, (2) addresses which exception to the federal regulations applies with respect to the motion for disclosure of drug and alcohol treatment records, and (3) that good cause exists for disclosure in that the information is not available through other sources and the need for the disclosure outweighs the
 
 *474
 
 potential injury to the patient, the physician-patient relationship and the treatment facility.
 

 Accordingly, the petitioner’s motions for disclosure are denied.
 

 [1]
 

 In
 
 In re Romance M.,
 
 supra, 30 Conn. App. 839, the Appellate Court approved an in camera review of the records to determine their relevance. 42 C.F.R. § 2.65 [c] (1996) requires a hearing “in the judge’s chambers or in some other manner which ensures that patient identifying information is not disclosed to anyone other than a party to the proceedings, the patient, or the person holding the records.”
 

 [2]
 

 Confidentiality of alcohol and drug abuse treatment patient records are contained in 42 C.F.R. § 2.63 (1996). Procedures for authorizing disclosure are contained in 42 C.F.R. § 2.64 (1996).