MEMORANDUM OF DECISION RE: MOTION FOR DISCLOSURE OF RECORDS
FACTS:
This case arises out of the following facts as set forth in the "Reasons for Petition". On August 21, 1996 at approximately 7:15 pm, the respondent-parents reported their infant child to be missing from the home. "A statewide search involving city and state police, numerous medical personnel, and countless volunteers had been conducted since that time." In the early morning hours of August 23, 1996 the Department of Children and Families ("DCF") received a suspicion of abuse and neglect referral from the Danbury Hospital. A child had been brought in by the police under suspicious circumstances. The child had been in the care of one Carol B. This person Carol, reported several different stories of how the child, who was not hers, happened to come into her care. Her final signed statement to the police implicated the respondents in a scheme to give up the child to Carol, who would in turn, deliver the child to a third person who was related to the respondent's landlord. In exchange for giving up the child to the landlord's relative, in part, the landlord would forgive the respondents on one and a half year's worth of back rent plus some additional consideration. As a consequence of this alleged child exchange scheme, the respondents were arrested and charged with risk of injury to a minor and conspiracy to commit risk of injury to a minor. It is important to note that those criminal charges are still pending against the respondents in this action. In addition to the criminal charges, DCF has initiated a petition to terminate their parental rights. It is in this latter civil proceeding that the respondents have filed the present motions.
The respondent father has moved for an order requiring the disclosure of all juvenile court records, records of the Department of Children and Families (DCF) regarding Carol B., CT Page 9801 psychiatric and psychological records of Carol B., and records pertaining to Carol B.'s history of drug abuse and subsequent treatment. In his motion, the respondent argues that his right to confront his accusers mandates the disclosure of the confidential information sought.
LAW:
"Neither the sixth amendment to the United States constitution nor article first, § 8, of the Connecticut constitution can be extended to a parent in a termination of parental rights hearing. . . ." (Internal quotation marks omitted.) In re Noel M., 23 Conn. App. 410, 421, 580 A.2d 996
(1990). Therefore, "[t]he respondent's rights to confrontation and cross-examination here are not constitutional rights, but rather statutory ones." Id. This statutory authority is found in General Statutes § 46b-135 (b) which provides that "[a]t the commencement of any proceeding on behalf of a neglected, uncared-for or dependent child or youth, the parent . . . shall have the rights of confrontation and cross-examination."
Carol B. is not a party to the present matter, but rather, is a witness who will likely be called by the petitioner in this action to terminate the respondent's parental rights. It is this fact which drives the court's decision as to this motion. There is neither statutory nor case law authority in Connecticut which provides for the disclosure of a witness' confidential records in a civil proceeding. Such disclosure has been permitted in criminal cases only after a showing of the likelihood that the records sought would contain exculpatory information. See Statev. LeDuc, 40 Conn. App. 233, 670 A.2d 1309 (1996). In fact, the respondent's motion for disclosure reads as if this proceeding was criminal rather than civil. The arguments advanced in this matter may be better directed to discovery in the criminal proceeding.
In Pennsylvania v. Ritchie, 480 U.S. 39, 107 S.Ct. 989,94 L.Ed.2d 40 (1987) a case cited by the petitioner, a criminal defendant sought access to allegedly exculpatory information contained in confidential child abuse records which concerned the very acts with which the defendant had been criminally charged. The Supreme Court, in performing due process analysis, allowed only in camera access by the trial court to the confidential information. CT Page 9802
Additionally, the Supreme Court in Ritchie stated that "[t]he ability to question adverse witnesses . . . does not include the power to require the pretrial disclosure of any and all information that might be useful in contradicting unfavorable testimony." Id., 53. The court added also that "the Confrontation Clause only protects a defendant's trial rights, and does not compel the pretrial production of information that might be useful in preparing for trial." Id., 53, n. 9.
The standards for disclosure of confidential information regarding a non-party witness in a civil case offer broad restrictions against disclosure. General Statutes § 17a-28 (b) clearly provides that the records created in connection with the Department of Children and Families' child protection activities "shall be confidential and shall be not be disclosed." The subsection further states that such records may only be disclosed "with the consent of the person or as provided in this section." However, this section does not provide for the disclosure of such confidential records to parties in an unrelated termination of parental rights proceeding in which a respondent wishes to discredit a witness by obtaining priviledged and protected information from a DCF file.
This court finds that General Statutes § 17a-28 does not provide the respondent with any statutory method of obtaining the disclosure of confidential records which pertain to a termination proceeding unrelated to this present matter and in which the respondent took no part.
The respondent also claims that General Statutes § 46b-124
(a) provides authority for the disclosure of court records regarding the termination of Ms. B.'s parental rights. This section provides that "[a]ll records of cases of juvenile matters . . . shall be confidential . . . and open to inspection or disclosure to any third party . . . only upon order of the Superior Court."
This court finds that there is no precedent for the disclosure to the respondent of the confidential DCF and juvenile court records sought in this civil termination of parental rights matter. In this case, the respondent is seeking direct access to a wide range of confidential information pertaining to past events which involved persons who are not parties in the present matter. If the United States Supreme Court did not permit the disclosure of more directly relevant information in a criminal CT Page 9803 case than the type of information the respondent here seeks, this court will not permit such broad disclosure of confidential information in this matter.
Indeed, the sole purpose of the respondent father is to seek information to help him discredit the testimony of the potential witness. The father is seeking to enlarge disclosure by a quantum, and unsupported, leap into confidential records where every manner of privileged and protected information has been reposed. There is no claim that there is exculpatory material in these records, presuming that the records exist. Even so, the court is unpersuaded that a basis exists for the respondent to invade those records under any circumstances presently contemplated.
Turning now to the respondent's efforts to obtain privileged mental health and substance abuse records of Carol B., if they exist at all. The respondent's motion for disclosure does not specify any statutory authority by which such a disclosure would be warranted. Indeed, this court is unable to find any such authority. There is abundant state and federal law to suggest that the respondent does not have a right to this information
In a criminal case, "evidence of a witness' mental condition may be admitted if the defendant establishes that a relationship exists between the condition and the [witness'] capacity to observe, remember and narrate relevant facts. . . . Absent such a showing, evidence of the condition and treatment may be excluded as irrelevant." (Citation omitted.) State v. Smith,42 Conn. App. 41, 58, 680 A.2d 1340 (1996). Additionally, "the status of being an alcoholic [or a drug addict], without more, does not open witnesses to cross-examination concerning their ability to perceive, recollect or narrate relevant facts. Id.
In the present civil matter, the respondent has not established a sufficient relationship between Ms. B.'s alleged condition and her ability to observe, remember and narrate relevant facts. Even if he did, this does not open the door into the arena of the protected records. The disclosure of such records is governed by federal law. The Drug Abuse Prevention, Treatment and Rehabilitation Act, 42 U.S.C. § 290dd-3, et sequitur, governs the confidentiality of the records. The conditions under which those records and alcohol records may be disclosed are set forth are set forth in 42 Code of Federal Regulations § 2.1 et seq. (hereinafter called the Regulations). CT Page 9804
Under the regulations, a court may order disclosure of confidential communications made by a patient to a federally funded drug treatment program only if one of the exceptions set forth under 42 C.F.R. § 2.64 applies. In the absence of consent, "[a]n order authorizing the disclosure of patient records for purposes other than criminal investigation or prosecution may be applied for by any person having a legally recognized interest in the disclosure which is sought." 42 C.F.R. § 2.64 (a). The court may order such disclosure "only if the court determines that good cause exists. To make this determination the court must find that: (1) [o]ther ways of obtaining the information are not available or would not be effective; and (2) [t]he public interest and need for the disclosure outweigh the potential injury to the patient, the physician-patient relationship and the treatment services." 42 C.F.R. § 2.64 (d). In Re Caresse B.,44 Conn. Sup. 468, 691 A.2d 606 (1996).[2]
The respondent has failed to show the unavailability of other methods of obtaining the information. Absent this showing, this court need not proceed to balance the need for disclosure with the potential injury to the patient. Even with a showing of unavailability, it would take a considerable showing, which has not been yet advanced, that would outweigh the public interest values that are implicated, as well as, the potential injury to the patient, the physician-patient relationship and the treatment services. 42 C.F.R. § 2.64 (d). Consequently, the respondent is not entitled to the disclosure of Ms. B.'s records regarding alcohol and substance abuse treatment.
Accordingly, since the respondent has failed, under the applicable standards for each record, to show this court any legitimate reason for disclosure of any of the records sought, provided they exist at all, or any statutory basis for the release of those alleged records, the respondent's motion for disclosure of those alleged records is hereby denied.
BY THE COURT
Francis J. Foley, Presiding Judge Child Protection Session